IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-

MICHAEL CRITTENDON-MORMAN,

    Plaintiff,

v.

JEFFERY SCHUELKE, a Manitou Springs Police Officer, in his individual capacity, and ANTHONY LARA, a Manitou Springs Police Officer, in his individual capacity,

    Defendants.

## COMPLAINT AND JURY DEMAND

COMES NOW, Crittendon-Morman, by and through counsel, for his C.R.S. § 13-21- 131(1) and 42 U.S.C. § 1983 action against Defendant City of Manitou Springs Police Officers Jeffery Schuelke ("Schuelke"), and Anthony Lara ("Lara") states and alleges as follows:

### I.    INTRODUCTION

"I don't know if you're in trouble yet, that's what we're trying to figure out." –

Officer Schuelke said to Michael Crittendon-Morman after he had arrested him at gun point, handcuffed him, and held him in the back seat of his police car for almost

1

an hour.

## II.   JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and is brought through 42 U.S.C. § 1983, and the Constitution of the State of Colorado through C.R.S. § 13-21-131.

2. Subject-matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331 because, as is shown more fully in this Complaint, Plaintiffs' claims arise under the Constitution and laws of the United States. Jurisdiction over Plaintiff's pendent state law claims is proper under 28 U.S.C. § 1367(a)because they are so related to Plaintiff's claims arising under federal law that they form part of the same case or controversy.

3. Venue is proper in the United States District Court for the District of Colorado pursuant to both 28 U.S.C. § 1391(b)(1) and (2). Specifically, venue is proper under 28 U.S.C. § 1391(b)(1) because all of the events and omissions alleged herein occurred within the State of Colorado. Venue is also proper under 28 U.S.C. § 1391(b)(2) because at the time of the events and omissions giving rise to this litigation, all of the Defendants resided in Colorado, the state in which the District of Colorado is located.

### III.  PARTIES

4. At all times relevant hereto, Plaintiff Michael Crittendon-Morman was a resident of the State of Colorado and a Citizen of the United States of America.

5. At all times relevant hereto, Defendant Jeffery Schuelke, a was a citizen of the United States and a resident of the State of Colorado and was acting under color of state in his capacity as a law enforcement officer employed by the City of Manitou Springs. Defendant Schuelke is being sued in his individual capacity.

6. At all times relevant hereto, Defendant Anthony Lara, a was a citizen of the United States and a resident of the State of Colorado and was acting under color of state in his capacity as a law enforcement officer employed by the City of Manitou Springs. Defendant Lara is being sued in his individual capacity.

### IV.  STATEMENT OF BACKGROUND FACTS

7. On October 14, 2021, Manitou Springs Police Officers Shuelke and Lara responded to a report of an armed robbery at 26 Manitou Ave., in Manitou Springs, Colorado.

8. Defendants Schuelke and Lara interviewed the robbery victim, Anthony Vertrees, who described the two men who robbed him, and how it transpired.

9. Mr. Vertrees gave a very detailed description of the two men that robbed him. Mr. Vertrees described one male as Hispanic, in his 30's, with a slight build,

3

approximately 5'6" tall, wearing a dark jacket over a white hoodie, with a goatee covering his entire chin, and "chops" style sideburns. Notably, Mr. Vertrees described the other man as black, wearing all black clothing, and tall military style boots.

10. Defendant Lara then went with Mr. Vertrees to the scene of the robbery while Defendant Schuelke went to search for the suspects.

11. Approximately fifteen minutes later, Defendant Schuelke saw the Plaintiff getting out of a car and walking towards the Park Row Lodge Motel. The Plaintiff in no way matched the description provided to Defendants Schuelke and Lara from Mr. Vertrees. The Plaintiff is a black man with dreadlock hair and was wearing light grey sweatshirt and even lighter grey sweatpants with black tennis shoes.

12. Defendant Schuelke also saw Eric Stookey (hereinafter "Stookey") walking towards the motel as well. Once again, Stookey in no way matched the description provided to Defendants Schuelke and Lara from Mr. Vertrees. Notably, Stookey in his 50's, is black, and heavyset at 6'0 tall and 220 pounds. He had no facial hair. Stookey was wearing a leather jacket with a dark grey hoodie underneath, however he was also wearing bright red pants, which Vertrees did not describe.

13. At that time, Defendant Schuelke immediately held the Plaintiff at gun point

4

and arrested him believing him to be one of the robbery suspects.

14. The Plaintiff's person was searched, handcuffed and placed in the back seat of Defendant Schuelke's police car.

15. Subsequently, Mr. Vertrees was then brought to the scene to identify Plaintiff as one of the possible robbery suspects. Upon, observing the Plaintiff Mr. Vertrees emphatically stated that the Plaintiff was not one of the suspects who robbed him, and that the Plaintiff was not involved in the robbery.

16. At that time, Mr. Vertrees again repeated his description of the robbers to Defendants Schuelke and Lara. Despite Mr. Vertrees' clear representation to Defendants and Lara, the Plaintiff was not released and remained in handcuffed for several more hours while.

17. Approximately an hour after Mr. Vertrees told Defendants Schuelke and Lara that the Plaintiff was not one of the robbers, and while he was still handcuffed in the back of a police car, Defendant Schuelke illegally searched the Plaintiff's belongings, and found a small amount of alleged narcotics.

18. The Plaintiff was eventually taken to jail and charged with narcotics possession and contributing to the delinquency of a minor.

19. As a result of his arrest, Plaintiff was incarcerated for forty days. Additionally, the Plaintiff's vehicle was impounded and auctioned included all of his belongs. Notably, at the time of his arrest the Plaintiff was homeless, and his car was his

5

only shelter.

20. On May 5, 2022, a Motion to Suppress hearing was held in the Plaintiff's criminal. At the hearing, the honorable Judge Francis Johnson granted the Plaintiff's motions to suppress, finding that all evidence was collected in violation of Plaintiff's constitutional rights, importantly holding that Defendant Schuelke did not have reasonable suspicion to contact the Plaintiff. The case, 21CR6004 was dismissed.

21. Even though Defendants Schuelke and Lara were told by Mr. Vertrees that the Plaintiff was not one of the suspects who robbed him, and clear and convincing evidence that the Plaintiff and Stookey did not fit the description of the suspects. Instead, Defendants Schuelke and Lara targeted the Plaintiff solely because he was a black male in Manitou Springs close in time to an armed robbery.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unlawful Seizure in violation of the**
**Fourth Amendment**

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

23. 42 U.S.C. § 1983 provides that:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

6

rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

24. Plaintiff in this action is a citizen of the United States and Defendants Schuelke and Lara are persons for purposes of 42 U.S.C. § 1983.

25. Defendants Schuelke and Lara, at all times relevant hereto, were acting under the color of state law in their capacity as Manitou Springs Police Officers and their acts or omissions were conducted within the scope of their official duties or employment.

26. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure.

27. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

28. Defendants Schuelke and Lara's actions as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

29. Defendants Schuelke and Lara's actions as described herein, were malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. Defendants Schuelke and Lara's actions shock the

7

conscience and violated the Fourth Amendments rights of Plaintiff.

30. Defendants Schuelke and Lara unlawfully caused the seizure the Plaintiff by means of objectively unreasonable, unlawful and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

31. Defendants Schuelke and Lara engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

32. Defendants Schuelke and Lara did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

33. The acts or omissions of Defendants Schuelke and Lara were moving forces behind the Plaintiff's injuries.

34. The acts or omissions of Defendants Schuelke and Lara as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

35. Defendants Schuelke and Lara are not entitled to qualified immunity for his actions.

36. As a proximate result of Defendants Schuelke and Lara's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages. As a

further result of the Defendants Schuelke and Lara's unlawful conduct, Plaintiff has incurred special damages.

37. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

38. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendants Schuelke and Lara individually under 42 U.S.C. § 1983, in that the actions by Defendants Schuelke and Lara were maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment

39. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

40. 42 U.S.C. § 1983 provides that:

> "Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia

9

> subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…"

41. Plaintiff in this action is a citizen of the United States and Defendants Schuelke and Lara are persons for purposes of 42 U.S.C. § 1983.

42. Defendants Schuelke and Lara, at all times relevant hereto, were acting under the color of state law in their capacity as law enforcement officers and his acts or omissions were conducted within the scope of his official duties or employment.

43. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

44. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

45. Plaintiff's race was a motivating factor in the decisions to unlawfully detained Plaintiff. Defendants Schuelke and Lara's conduct were undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment.

46. Defendants Schuelke and Lara engaged in the conduct described by this

Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected rights.

47. Defendants Schuelke and Lara engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

48. Defendants Schuelke and Lara did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

49. The acts or omissions of Defendants Schuelke and Lara were moving forces behind the Plaintiff's injuries.

50. The acts or omissions of Defendants Schuelke and Lara as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

51. Defendants Schuelke and Lara are not entitled to qualified immunity for his actions.

52. As a proximate result of Defendants Schuelke and Lara's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory damages. As a further result of the Defendants Schuelke and Lara's unlawful conduct, Plaintiff has incurred special damages.

53. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

54. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against Defendants Schuelke and Lara individually under 42 U.S.C. § 1983, in that the actions by Defendants Schuelke and Lara were maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## THIRD CLAIM FOR RELIEF
## CIVIL ACTION FOR DEPRIVATION OF RIGHTS UNDER C.R.S. §13-21-131 Article II Sections 3 and 7 of the Colorado State Constitution

55. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint.

56. Colo. Rev. Stat. § 13-21-131 provides:

> A peace officer, as defined in section 24-31-901(3), who, under color of law, subjects or causes to be subjected, including failing to intervene, any other person to the deprivation of any individual rights that create binding obligations on government actors secured by the bill of rights,

12

article II of the state constitution, is liable to the injured party for legal or equitable relief or any other appropriate relief.

57. Article II Sections 7 of the Colorado State Constitution provides:

    Security of person and property searches seizures warrants. The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and no warrant to search any place or seize any person or things shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation reduced to writing.

58. Defendants Schuelke and Lara unlawfully caused the seizure the Plaintiff by means of objectively unreasonable, unlawful and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

59. Defendants Schuelke and Lara engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

60. Defendants Schuelke and Lara did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

61. Defendants Schuelke and Lara arrested the Plaintiff, who did not match the description of the robbery suspects they were looking for, at gun point, it resulted in his false arrest that was completely devoid of probable cause, in violation of Article II Sections 3 and 7 of the Colorado Constitution, and the 4th Amendment

to the U.S. Constitution.

62. The unconstitutional seizure directly and proximately resulted in his lengthy incarceration, the impound and loss of his vehicle and all possessions contained therein, and substantial costs.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by an enlightened jury;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount in an amount to be determined by an enlightened jury;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, C.R.S. §13-21-131 including expert witness fees, on all claims allowed by law;

14

F.   pre-and post-judgment interest at the lawful rate; and, any further relief that this court deems just and proper, and any other appropriate relief of law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this the 10th of October 2023

**MEHR LAW PLLC**

/s/Kevin Mehr
Kevin Mehr

3107 W. Colorado Ave.
#184
Colorado Springs, CO 80904
Phone: (719) 315-4606
E-mail: Kevin.Mehr@mehrlawcolorado.com

**THE LAW OFFICES OF HARRY M. DANIELS, LLC**

/s/Harry M. Daniels
Harry M. Daniels

4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com