IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02630-CNS-MDB

MICHAEL CRITTENDON-MORMAN,

    Plaintiff,

v.

ANTHONY LARA, a Manitou Spring Police officer, in his individual capacity, and JEFFERY SCHUELKE, a Manitou Spring Police officer, in his individual capacity,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO PROSECUTE

Defendants, **JEFFREY SCHUELKE** and **ANTHONY LARA**, by and through counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 41(b), hereby submit their Motion to Dismiss Due to Plaintiff's Failure to Prosecute as follows:

### I.    STATEMENT OF CONFERRAL

Undersigned counsel conferred with counsel for Plaintiff. Counsel for Plaintiff opposes the requested relief.

### II.    INTRODUCTION

This Motion is the result of Plaintiff's repeated failure to appear for his deposition in violation of his obligations set forth in the Federal Rules of Civil Procedure. Plaintiff has disappeared and appears to no longer wish to participate in this matter. Plaintiff's failure to abide by these obligations is culpable conduct which has prejudiced

Defendants and interfered with the judicial process. Because of the above, Defendants move to dismiss Plaintiff's claims under Fed.R.Civ.P. 41(b).

### III. PROCEDURAL BACKGROUND

1. On February 21, 2023, Plaintiff filed his Complaint in El Paso County District Court which he then voluntarily dismissed.

2. On October 10, 2023, Plaintiff filed his Complaint in this Court. [Doc. No. 1].

3. On January 15, 2024, the parties exchanged Initial Disclosures.

4. In February of 2024, Defendants received Plaintiff's written discovery responses.

5. In May of 2024, Defendants provided their written discovery responses to Plaintiff.

6. Defendants noticed Plaintiff's deposition to take place on May 21, 2024, after coordinating this date with counsel for Plaintiff.

7. On May 20, 2024, counsel for Plaintiff notified Defendants that Plaintiff would be unable to attend his deposition.

8. On June 28, 2024, the parties filed a Stipulated Motion for Extension for Discovery and Dispositive Motion Deadlines [Doc. No. 20] to request additional time to reschedule Plaintiff's deposition on account of his absence.

9. On June 28, 2024, the Court granted the parties' Stipulated Motion for Extension for Discovery and Dispositive Motion Deadlines, extending the discovery

deadline to August 30, 2024, and the dispositive motion deadline to September 30, 2024. [Doc. No. 22].

10. The parties agreed to set Plaintiff's deposition a couple months out, to allow counsel for Plaintiff time to locate his client.

11. Defendants issued a subpoena for Plaintiff's deposition to occur on August 5, 2024; however, counsel for Plaintiff was unable to communicate with Plaintiff to confirm this date.

12. On July 23, 2024, counsel for Plaintiff executed a waiver of service for a subpoena for Plaintiff's deposition.

13. On July 30, 2024, counsel for Plaintiff attempted to contact Plaintiff in-person to inform him of his deposition but was unable to do so.

14. On August 2, 2024, Defendants cancelled Plaintiff's deposition and informed his counsel they would file a motion to dismiss for failure to prosecute if alternative dates were not received by August 12, 2024.

15. As Defendants have not received alternative dates, they now file this Motion to Dismiss for Failure to Prosecute.

16. To Defendants' knowledge, counsel for Plaintiff has made repeated efforts to locate his client but has been unsuccessful.

### IV.    LEGAL STANDARD

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED.R.CIV.P. 41(b).

"Unless the dismissal order states otherwise, a dismissal under this subdivision … operates as an adjudication on the merits." FED.R.CIV.P. 41(b).

District Courts ordinarily consider a non-exhaustive list of factors in determining whether to dismiss an action under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors are not necessarily of equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ecclesiastes 9:10-11-12, INC. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007). Dismissal with prejudice is appropriate where a case involves willfulness, bad faith, or some fault of the party to be sanctioned. *Chavez*, 402 F.3d 1039 at 1044.

This test can be applied to dismiss an action under the Court's inherent authority, without regard to a Rule 37 sanction. *Ecclesiastes*, 497 F.3d at 1143 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) ("inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.")).

## V.   ARGUMENT

**A. Defendants Suffer Actual Prejudice from Plaintiff's Failure to Prosecute.**

When a plaintiff's conduct results in increased costs and delay, and the plaintiff's failure to comply with disclosure and discovery rules creates uncertainty as to how

defendants should litigate the case, this factor is satisfied. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *Faircloth v. Hickenlooper*, 758 Fed. App'x 659, 662 (10th Cir. 2018); *Ehrenhaus*, 965 at 921 (10th Cir. 1992) (dismissing case for failure to prosecute); *Id.* ("With regard to the first factor [prejudice], Judge Carrigan noted that Ehrenhaus' actions prejudiced the defendants by causing delay and mounting attorney's fees").

This matter was initially before El Paso County District Court since February 21, 2023, and now has been before this Court since October 10, 2023 [Doc. No. 1]. Defendants have attempted to conduct Plaintiff's deposition since March 4, 2024. Drafting multiple notices for Plaintiff's deposition, rescheduling court reporters, communications to reschedule between counsel, repeatedly preparing to conduct Plaintiff's deposition, drafting a motion to extend the discovery deadline as a result of Plaintiff's absence, and drafting this motion have resulted in increased fees and costs to Defendants. Counsel have also provided consistent updates to Defendants for all the above.

Defendants are further prejudiced by the additional time the allegations against them remain pending. *Ehrenhaus,* 965 at 921 *(*"Moreover, as one defendant argued below, a lawsuit containing the serious and stigmatizing allegations of fraud damages the reputation of those accused so long as the lawsuit remains pending.").

Lastly, Plaintiff's conduct has created uncertainty as to how Defendants should litigate this case. Plaintiff asserts unconstitutional search and seizure claims in violation of C.R.S. § 13-21-131, Articles 3 and 7. [Doc. No. 1 (Complaint)]. Defendants are now

5

unable to inquire about details of the stop and the searches. The last information received from Plaintiff was from his written discovery responses in February 2024. Defendants are unable to determine whether Plaintiff has incurred any lost wages or has sought any medical or mental-health care treatment since February 2024 for his claimed injuries. Plaintiff's discovery responses indicate he suffered emotional distress as a result of his incarceration and being held at gunpoint during the stop. Defendants are unable to determine if Plaintiff has had any subsequent interactions with police officers or incarceration that may have contributed to his injuries. Without Plaintiff's deposition, Defendants are prejudiced in their ability to argue for dismissal on summary judgment.

### B. Plaintiff's Failure to Prosecute Has Interfered with The Judicial Process.

Causing a district court to expend unnecessary resources can establish interference with the judicial process. *Ellis-Hall Consultants, LLC v. Hoffman*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5 (10th Cir. Sept. 1, 2022). This factor is satisfied when excessive amounts of time are expended by the opposing party, the court, and other entities involved in the case. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018).

As a direct result of Plaintiff's failure to appear for his deposition, counsel for Defendants have drafted multiple notices for Plaintiff's deposition, rescheduled court reporters, communicated regarding rescheduling Plaintiff's deposition with his counsel, repeatedly prepared to conduct Plaintiff's deposition, drafted a motion to extend discovery deadlines as a result of Plaintiff's absence, drafted this Motion, and provided

consistent updates to Defendants for the same. The Court and its staff have had to handle extraneous filings and motions. The current discovery cut-off is August 30, 2024, per the extension. [Doc. No. 22]. Should this Motion be denied, the parties will need to seek repeated extensions of the discovery deadline and potentially all other deadlines if and until Plaintiff is located. For these reasons, Plaintiff has interfered with the judicial process.

### C. Plaintiff is Culpable for His Noncompliance.

Establishing culpability requires demonstrating willfulness, bad faith, or some fault rather than just a simple inability to comply. *Ellis-Hall Consultants, LLC* Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5. Courts do not simply accept a plaintiff's portrayal of himself as a victim of circumstance but instead look to the plaintiff's actions. *Jones*, 996 at 265. For example, culpability is established where a plaintiff "willfully and unreasonably fail[s] to communicate with defendants to nail down depositions dates". *Ecclesiastes 9:10-11-12, Inc.,* 497 F.3d at 1148. Culpability is also established where a plaintiff fails to appear for his deposition due to financial hardship. *O'Neil v. Burton Grp.,* 559 F. App'x 719, 722 (10th Cir. 2014). In contrast, culpability is not established where a defendant knows a plaintiff has moved and discovery will take longer than anticipated, plaintiff makes good-faith efforts to comply, and the defendant does not take steps to obtain discovery. *Toma v. City of Weatherford*, 846 F.2d 58, 60-61 (10th Cir. 1988).

Here, Defendants have taken steps to obtain Plaintiff's deposition. Plaintiff has made no effort to appear for his deposition or further participate in this matter. Plaintiff

has not complied with his duty to communicate with his counsel. Plaintiff provided no explanation as to why he could not attend his depositions. Plaintiff's failure to establish not only a legitimate reason, but any reason for his noncompliance reflects some degree of culpability.

### D. The Court Has Not Provided Notice of Potential Dismissal to Plaintiff.

The Court has not provided Plaintiff notice of potential dismissal for failure to appear at his deposition and, as such, this is the only factor that weighs in his favor. However, Defendants note that on August 5, 2024, they informed counsel for Plaintiff they would file a motion to dismiss for failure to prosecute if dates to reschedule were not received by August 12, 2024.

### E. Lesser Sanctions Are Unlikely to Resolve This Issue.

Here, no sanction short of dismissal will adequately address Plaintiff's failure to prosecute. Rule 37(b)(2)(A)(i)-(vii) provides several possible sanctions for violating discovery. These include: "directing that matters embraced … or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;" "striking pleadings in whole or in part;" "staying proceedings until the order is obeyed;" "rendering a default judgment against the disobedient party;" and "treating as contempt of court the failure to obey any order …" F<small>ED</small>.R.C<small>IV</small>.P. 37(b)(2)(A)(i)-(vii). However, nearly all provide either no utility or would otherwise still lead to dismissal of this case.

For example, directing that matters be taken as the Defendants claim would lead to Defendants filing a Motion for Summary Judgment that could not be contested. Such action would further prejudice Defendants due to the time and cost associated with said motion, and it would further interfere with the judicial process. Prohibiting Plaintiff from supporting or opposing claims, or introducing certain evidence, may implicate constitutional fairness concerns, as there are multiple Defendants. The same concerns exist for striking pleadings. A stay of proceedings would only serve to further deprive Defendants of a "just, speedy, and inexpensive determination."  FED.R.CIV.P. 1. And civil contempt of court is a remedial act intended to coerce a party to do something. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441-42 (1911). Here, the Court will not be able to persuade Plaintiff to appear for his deposition via sanctions because Plaintiff has disappeared. At this juncture, dismissal is the appropriate sanction. *Washington Howard*, No. CV 13-257-FHS-SPS, 2013 WL 12069010, at *1 (E.D. Okla. Aug. 20, 2013) (*citing to United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854-56 (10th Cir. 2005) ("dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines")); *Gates v. United States*, 752 F.2d 516 (10th Cir. 1985) (taxpayers' failure to contact their attorney during period of about 60 days in midst of refund litigation was sufficient to justify dismissal for failure to appear at court-ordered depositions and it was not abuse of discretion to dismiss); *Smith v. McKune*, 345 F. App'x 317 (10th Cir. 2009) (District Court did not abuse its discretion in dismissing plaintiff's action against officials as sanction for, among other things, twice failing to appear for scheduled deposition).

**WHEREFORE,** Defendants respectfully request this Court dismiss with prejudice Plaintiff's claims against them given Plaintiff's failure to prosecute.

Respectfully submitted,

  *s/* Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail: eziporin@sgrllc.com

  *s/* Tiffany E. Toomey
***Tiffany E. Toomey***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail:  ttoomey@sgrllc.com
*Counsel for Defendants Officer Jeffrey Schuelke and Officer Anthony Lara*

10

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of August, 2024, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' MOTION TO DISMISS DUE TO PLAINTIFF'S FAILURE TO PROSECUTE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Kevin Austin Mehr, kevin.mehr@mehrlawcolorado.com
*Counsel for Plaintiff Michael Crittendon-Morman*

 /s/ Taylor Willl
Legal Secretary

11