**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02630-CNS-MDB

MICHAEL CRITTENDON-MORMAN,

    Plaintiff,

v.

JEFFERY SCHUELKE, a Manitou Springs Police Officer, in his individual capacity, and ANTHONY LARA, a Manitou Springs Police Officer, in his individual capacity,

    Defendants.

---

**RESPONSE TO MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

---

COMES NOW, Crittendon-Morman, by and through counsel, in response to Defendants' Motion to Dismiss for Failure to Prosecute (ECF 24), states and alleges as follows:

**INTRODUCTION:**

On August 26th, 2024, Defendants filed a Motion to Dismiss for Failure to Prosecute (ECF 24). The sole basis for their Motion is the Plaintiff's failure to appear at his previously scheduled depositions.

Plaintiff cannot dispute that he has failed to appear at his deposition, however, by and through counsel, he files this response, asserting that his deposition is immaterial to the determination of liability, and dismissal of this action would effectively bar the re-filing of this action and result in a windfall for Defendants.

1

## FACTUAL BACKGROUND

The factual background of this case is relevant to the court's determination of the appropriateness of the Motion to Dismiss, as a dismissal would result in a windfall to defendants.

Plaintiff's makes two constitutionally based claims in this matter- 1) false arrest, and 2) unconstitutional search and seizure. These claims are based on a single incident in which the Defendants arrested him at gunpoint based on the mistaken belief that he was involved in an armed Robbery. (Complaint ¶ 21-22). Plaintiff was handcuffed and held in a police cruiser for several hours, including a lengthy period of time *after* the victim of the robbery informed police that Plaintiff was not involved. (Complaint ¶ 3). Also, Plaintiff's belongings were searched without a warrant, and without consent. (Complaint ¶ 6).

Criminal proceedings were initiated against Plaintiff for alleged narcotics found in his belongings, which were searched unconstitutionally, and due to the presence a 17 year old in Plaintiff's hotel room. (Complaint ¶ 7). Plaintiff was not prosecuted for the robbery. The criminal proceedings were dismissed against Plaintiff based on a judicial finding that Defendants had arrested him without constitutional justification, and searched him without constitutional cause. (Complaint ¶ 8).

## LEGAL STANDARD

"There is no precise rule as to what circumstances justify a dismissal for failure to prosecute." *Securities and Exchange Com'n v. Power Resources Corp.,* 495 F.2d 297 (10th Cir. 1974). In determining whether dismissal for failure to prosecute is appropriate under F.R.C.P. 41(b), Courts consider a non-exhaustive list of factors: (1) the degree of actual prejudice to the

2

other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992). These factors are not necessarily of equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). Dismissal is warranted when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. *Ecclesiastes 9:10-11-12, INC. v. LMC Holding Co*., 497 F.3d 1135, 1144 (10th Cir. 2007). Dismissal with prejudice is appropriate where a case involves willfulness, bad faith, or some fault of the party to be sanctioned. *Chavez*, supra at 1044.

### *Defendants have suffered no prejudice*

Despite Plaintiff's failure to sit for his deposition, Defendants have not suffered prejudice. First, Plaintiff's testimony is immaterial to a determination of liability. As such, because Defendants have had opportunity to give testimony and defend their actions, the issue of liability has been fully discovered.

Plaintiff asserts two claims: 1) False arrest, and 2) Warrantless search. To prove a claim of false arrest, a plaintiff bears the burden of showing that he was arrested in the absence of probable cause. See *Kaufman v. Higgs*, 697 F.3d 1297 (10th Cir. 2012); *Keylon v. City of Albuquerque*, 535 F.3d 1210 (10th Cir. 2008). "Probable cause 'exists 'if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed . . . an offense."..." *"McFarland v. Childers, 212 F.3d 1178, 1186 (10th Cir. 2000) (quoting Jones v.*

*City &Cnty. of Denver, 854 F.2d 1206, 1210 (10th Cir. 1988))."* Thus, the existence of probable cause is based entirely on the knowledge of the officer, not any subjective belief or observation of the Plaintiff/arrestee.

Similarly, a claim that a warrantless search was unconstitutional is reliant solely on the knowledge of the searching officer- "Generally, warrantless searches and seizures are per se unreasonable unless they satisfy one of the specifically established and clearly articulated exceptions to the warrant requirement. One such exception is an arrest based upon probable cause. A second exception is a brief investigatory stop supported by a reasonable suspicion of criminal activity." *People v. Rodriguez*, 945 P.2d 1351, 1359 (Colo. 1997) (*citing Terry v. Ohio*, 392 U.S. 1, 30-31 (1968).

Thus, as relevant to the question of liability, Defendants have not been prejudiced because Plaintiff's subjective beliefs and observations are not relevant.

### *The amount of interference with the judicial process*

Plaintiff's failure to sit for his deposition has not caused excessive costs, time or other resources to be expended by the opposing party.  A trial has not been set in this matter, nor has the dispositive motion deadline passed, and Plaintiff does not currently seek extension of any currently set deadlines.  While some actions have been necessary as a result of Plaintiff's failure to be deposed, the effort and resources have not been significant- drafting motions to extend (ECF 17, 20), and canceling court reporters – (ECF 24, ¶ B.).  In fact, in both ECF 17 and 20, Defendants assert that the requested extensions are "not intended to create unnecessary delay or increase of costs," and "as the requested extensions are stipulated, no party will be prejudiced."

4

Thus, because Plaintiff's testimony is not relevant to the issue of liability, the parties have previously agreed that extensions of previously set deadlines were not prejudicial or costly, and Plaintiff does not currently seek extension of any existing deadlines, Plaintiff has not detrimentally interfered with the judicial process.

### *Plaintiff is transient and unable to comply, thus not culpable*

Plaintiff is transient. Because Plaintiff is transient, he does not have the resources to maintain consistent lines of communication, and thus is not culpable. Culpability is established where a plaintiff "willfully and unreasonably fail[s] to communicate with defendants to nail down depositions dates". *Ecclesiastes 9:10-11-12, Inc.*, supra at 1148.

Plaintiff's status as transient has been known to defendants since the criminal case against his was initiated (Complaint ¶ 7). Undersigned counsel has undertaken diligent efforts to contact Plaintiff and make him available for deposition, however has been unable to do so. Efforts to locate Plaintiff are ongoing.

### *The court has not provided notice of a potential dismissal to Plaintiff*

The Defendants filed their Motion to Dismiss on August 26th, 2024 and the Court has not yet ruled on this motion. As such, the Plaintiff is not on notice that his case may be dismissed.

### *Dismissal is an extreme sanction that would be a windfall to Defendants*

While F.R.C.P. 37 bestows the court with numerous sanctioning options, including dismissal, doing so would be a windfall to Defendants. As argued above, the issue of liability in

5

this matter is not dependent on the testimony or subjective beliefs of the Plaintiff. Additionally, the Defendant's conduct, in fact from a constitutional standpoint, has previously been examined by a Colorado State District Court judge (Complaint ¶ 8). Defendants both sat for depositions in this matter and testified entirely consistent with the District Court's ruling in the criminal case against Plaintiff. As such, liability for Defendants' violation of Plaintiff's constitutional rights is very strongly supported. If the court were to dismiss this action, Plaintiff would be barred from re-filing by the statute of limitations. Thus, dismissal would result in a windfall to Defendants, resulting in their escape of accountability for their well established unconstitutional actions.

**Wherefore**, Plaintiff, by and through counsel, hereby requests this court deny Defendants' Motion to Dismiss for Failure to Prosecute.

/s/ Kevin Mehr
 **KEVIN MEHR, #49108**
 Mehr Law PLLC
 3107 W. Colorado Ave. #184
 Colorado Springs, CO 80904
 719-315-4606
 Kevin.mehr@mehrlawcolorado.com

 /s/ Harry M. Daniels
 **Harry M. Daniels**
 4571 Best Rd., Suite 490
 Atlanta, GA 30337

6

678-664-8529
daniels@harrymdaniels.com

Dated: September 3, 2024

## Certificate of Service:

Above signed counsel hereby certifies that on September 3rd, 2024, a true and accurate copy of the foregoing RESPONSE TO MOTION TO DISMISS was filed with the court and served via the Colorado Court's E-Filing system on:

Eric Ziporin
Tiffany Toomey
Counsel for Defendants Schuelke and Lara
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210