**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02630-CNS-MDB

MICHAEL CRITTENDON-MORMAN,

Plaintiff,

v.

ANTHONY LARA, a Manitou Spring Police officer, in his individual capacity, and
JEFFERY SCHUELKE, a Manitou Spring Police officer, in his individual capacity,

Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL**
**DUE TO PLAINTIFF'S FAILURE TO PROSECUTE**

---

Defendants, **JEFFREY SCHUELKE** and **ANTHONY LARA**, by and through counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 41(b), hereby submit their Reply in Support of Dismissal Due to Plaintiff's Failure to Prosecute as follows:

## I. INTRODUCTION

Plaintiff's Response to Motion to Dismiss for Failure to Prosecute [Doc. No. 26] ("Response") argues two main points: (1) liability against Defendants is strongly supported; and (2) Plaintiff's deposition testimony would not assist in determining liability. As discussed in further detail below, both of these points are incorrect. Defendants address each argument in turn below.

## II. ARGUMENT

### A. Prejudice to Defendants.

Plaintiff does not respond to Defendants' arguments they have and continue to be prejudiced in the following ways and thus Defendants presume Plaintiff concedes the same:

- Plaintiff's absence has resulted in increased costs.
- Plaintiff's absence has resulted in increased delay.
- Plaintiff's absence has resulted in the stigmatizing allegations against Defendants to remain pending for a prolonged period of time.
- Defendants are not able to ascertain Plaintiff's alleged damages.

Plaintiff's singular argument that Defendants have not been prejudiced is that Plaintiff's testimony will not assist in determining liability. Plaintiff claims that only the officers' subjective knowledge is relevant to the false arrest and warrantless search claims. This is incorrect given that even if evidence was illegally obtained, a plaintiff is barred from making a false arrest claim if he actually committed the crime for which he was charged or if probable cause existed to believe he committed the crime. *Shaw v. Schulte*, 36 F.4th 1006, 1017 (10th Cir. 2022) ("The fact that the evidence was the fruit of an illegal detention does not make it any less relevant to establishing probable cause for the arrest because the exclusionary rule does not apply in a civil suit under § 1983 against police officers") (citations and quotations omitted); *Smith v. Barber*, 316 F. Supp. 2d 992, 1021 (D. Kan. 2004) ("A false arrest claim will fail where probable cause exists for at least one of the charges against a plaintiff in a § 1983 case.") (citations omitted). Here, Plaintiff

was charged with the crimes of (1) contributing to the delinquency of a minor and (2) unlawful possession of a controlled substance. Plaintiff's testimony relating to whether he provided or consumed drugs with the 16-year-old[1] and/or possessed controlled substances could result in dismissal of his false arrest claim on summary judgment.

Although Plaintiff claims he is bringing only two claims for false arrest and warrantless searches, the Complaint asserts three claims against Defendants for: (1) unlawful seizure in violation of the Fourth Amendment; (2) racial discrimination in violation of the Fourteenth Amendment; and (3) violations of C.R.S. § 13-21-131, Articles 3 and 7. [Complaint, Doc. No. 26, pp. 6, 9, and 12]. Testimony from Plaintiff relating to which actions or statements he perceived to be discriminatory is crucial in determining liability on Plaintiff's equal protection claim. *Marshall v. Columbia Lea Reg'l Hosp*., 345 F.3d 1157, 1168 (10th Cir. 2003) (discriminatory purpose must be a motivating factor to establish equal protection claims).

**B. Interference with Judicial Process.**

Plaintiff argues there has been no interference with the judicial process because the parties asserted in their stipulated motions for extensions that no party would be prejudiced, and the parties did not intend to create unnecessary delays or costs. At the time Defendants agreed to extend discovery to allow Plaintiff's counsel time to locate his client, Defendants did not know Plaintiff would fail to resurface, did not know they would

[1] Plaintiff's allegation that the minor female was 17 on the date of the incident is incorrect. The victim's date of birth is September 15, 2005, and the incident occurred on October 14, 2021. As such, the victim was 16 on the date of incident.

be repeatedly required to re-prepare for his deposition, and did not know they would ultimately be unable to conduct his deposition.

Plaintiff also argues the extraneous matters handled by the Court and additional time and costs to Defendants are not significant; however, this position is unsupported by case law. *Smith v. McKune*, 345 F. App'x 317, 318 (10th Cir. 2009) (finding interference with judicial process where Plaintiff "among other things, twice fail[ed] to appear for a scheduled deposition"); *Id.* at 320 ("Plaintiff has not merely interfered with the judicial process; he has continually obstructed and manipulated it and there is no reason to believe that his conduct will cease.")

Further, as indicated in the parties' Joint Status Report re: Settlement Discussions filed on September 13, 2024 [Doc. No. 28], the parties are unable to negotiate settlement without Plaintiff. Thus, this matter is forced to remain on the Court's docket even if settlement would otherwise be an avenue for resolution.

**C. Plaintiff's Culpability.**

Plaintiff argues he is not able to communicate with his counsel because he has been transient and without resources to do so since his criminal case was initiated. The suppression hearing in Plaintiff's criminal case was conducted on May 5, 2022, meaning these conditions have been in place for well over two years. Plaintiff's argument is undermined by the fact that he was seemingly able to communicate with his counsel through at least February of 2024, when he submitted his discovery responses. The Response provides no facts supporting Plaintiff's financial situation suddenly rendering him unable to communicate and participate in the prosecution of his claims. It is Plaintiff's

duty to update this Court and his counsel with the most current addressed where he can receive communication. *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (culpability found where plaintiff failed to update the court with his current address).

**D. Notice of Potential Dismissal**.

Defendants agree with Plaintiff that this factor most likely weighs in his favor; however, had Plaintiff complied with his duty to communicate with his counsel he would have been on notice of Defendants' motion to dismiss prior to its filing.

**E. Lesser Sanctions Unavailable**.

Plaintiff argues that "liability for Defendants' violation of Plaintiff's constitutional rights is very strongly supported" because it had previously been examined by a Colorado State District Court judge". [Response, p. 6]. For starters, this is not an element for the Court to consider in determining the pending motion. Plaintiff misunderstands the significant divergence between his civil and criminal matter; specifically, as to the exclusionary rule (as discussed in Section A above). Judge Frances Johnson presided over Plaintiff's suppression hearing in his criminal matter. Judge Johnson found there was reasonable suspicion to detain Plaintiff, but found there was no probable cause to search his belongings which contained drugs. As Plaintiff was in possession of drugs – one of the crimes he was charged with – at least some of his claims are subject to dismissal. Other claims are also subject to dismissal depending on Plaintiff's deposition testimony which Defendants are unable to obtain. Most importantly, the findings of the criminal court judge are in no way dispositive of this Court's rulings on these issues, particularly now

that the Court will be assessing Plaintiff's claims in the backdrop of the defense of qualified immunity.

Lastly, Plaintiff argues he would be barred by the statute of limitations if this matter is dismissed. Though not articulated by Plaintiff, this argument is significant because Defendants must only establish the above elements if the Court dismisses this case *with* prejudice. If the Court dismisses the case *without* prejudice, none of the above elements are required to be met. *AdvantEdge Bus. Grp. v*, 552 F.3d at 1236 ("Here, the district court dismissed AdvantEdge's case without prejudice, so it was not required to consider the criteria applicable to a dismissal with prejudice.").

Some courts have found that a dismissal without prejudice would have the practical effect of a dismissal with prejudice, and thus the above elements must still be met. *Id.* However, in order to succeed on that argument, Plaintiff must demonstrate this would in fact be the effect of a dismissal. *Id*. Plaintiff argues his absence is excusable because he lacks resources and is transient. If Plaintiff has a legitimate excuse for his absence, he can argue equitable tolling to bypass the statute of limitations. *Crowe v. Servin*, 723 F. App'x 595, 597 (10th Cir. 2018) (finding a plaintiff may argue equitable tolling to re-file a case that was dismissed for failure to prosecute). As such, Plaintiff has not demonstrated a dismissal without prejudice would have the practical effect of a dismissal with prejudice. Accordingly, if this Court chooses to do so, it may dismiss this case without prejudice and without examining the above elements. Regardless, as the above elements heavily weigh in favor of Defendants, this case should be dismissed with prejudice.

**WHEREFORE**, Defendants respectfully request this Court dismiss with prejudice the entirety of Plaintiff's claims against them given his failure to prosecute this matter.

Respectfully submitted,

s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail: eziporin@sgrllc.com

s/ Tiffany E. Toomey
***Tiffany E. Toomey***
SGR, LLC
3900 E. Mexico Ave., Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
E-mail: ttoomey@sgrllc.com
*Counsel for Defendants Officer Jeffrey Schuelke and Officer Anthony Lara*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of September, 2024, I electronically filed a true and correct copy of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF DISMISSAL DUE TO PLAINTIFF'S FAILURE TO PROSECUTE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Kevin Austin Mehr, kevin.mehr@mehrlawcolorado.com
*Counsel for Plaintiff Michael Crittendon-Morman*

*/s/ Taylor Willl*
Legal Secretary