IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02630-CNS-MDB

MICHAEL CRITTENDON-MORMAN,

    Plaintiff,

v.

ANTHONY LARA, a Manitou Spring Police officer, in his individual capacity, and
JEFFERY SCHUELKE, a Manitou Spring Police officer, in his individual capacity,

    Defendants.

### ORDER

Before the Court is United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to grant Defendants' Motion to Dismiss Due to Plaintiff's Failure to Prosecute. ECF No. 24 (motion to dismiss); ECF No. 37 (Recommendation). Plaintiff, represented by counsel, did not object to the Recommendation. For the reasons below, the Court affirms and adopts the Recommendation and dismisses Plaintiff's case with prejudice.

### I.    BACKGROUND

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983 and Colo. Rev. Stat. § 13-21-131, alleging unlawful seizure in violation of the Fourth Amendment, racial discrimination in violation of the Fourteenth Amendment, and deprivation of rights under Colorado state law. *See generally* ECF No. 1; ECF No. 37 at 1–2. Beyond filing his

1

complaint, Plaintiff has done little to further his case. The parties began discovery on January 15, 2024, and Defendants scheduled Plaintiff's deposition for May 21, 2024. ECF No. 24, ¶¶ 3, 6. Plaintiff's counsel notified Defendants the day before the deposition that he was unable to locate Plaintiff, and Magistrate Judge Dominguez Braswell granted the parties additional time to reschedule the deposition. *Id*., ¶¶ 7–9. Though the parties made several efforts to communicate with Plaintiff to schedule his deposition, those efforts were unsuccessful. *Id*., ¶¶ 11–13. On August 2, 2024, Defendants informed Plaintiff's counsel that they would file a motion to dismiss for failure to prosecute if alternative dates for the deposition were not provided by August 12, 2024, and when no such dates were provided, Defendants filed their motion to dismiss. *Id*., ¶¶ 14–15.

During an October 1, 2024 Status Conference before Magistrate Judge Dominguez Braswell, she ordered Plaintiff to sit for his deposition and directed Plaintiff's counsel to file a notice by November 1, 2024, reporting whether Plaintiff was located and whether his deposition occurred. ECF No. 37 at 2. The Court warned counsel that Plaintiff's failure to comply with the Court's order to sit for his deposition could result in the dismissal of his case. *Id.* On November 1, 2024, Plaintiff's counsel informed the Court that Plaintiff had not sat for his deposition, and that no depositions had been scheduled. ECF No. 34.

This Court referred Defendants' motion to dismiss to Magistrate Judge Dominguez Braswell for initial determination. ECF No. 25. Applying the five factors enumerated in

*Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992),[1] she considered whether dismissal under Federal Rule of Civil Procedure 41(b) is appropriate.[2] She determined that the *Ehrenhaus* factors weigh in favor of dismissal. ECF No. 37 at 8. She then considered whether dismissal should be with or without prejudice. *Id.* at 9–11. After careful consideration, she determined that dismissal with prejudice is warranted in this case. *Id.* at 10. As explained above, Plaintiff failed to object to her Recommendation.

## II.   LEGAL STANDARD & ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Dominguez Braswell's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

## III.   CONCLUSION

The Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 37, in its entirety as an order of this Court. Accordingly, the

---

[1] *Ehrenhaus* provides that, "[b]efore choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . .; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . ; and (5) the efficacy of lesser sanctions." 965 F.2d at 921 (citations and internal quotations omitted).

[2] Federal Rule of Civil Procedures 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."

Court GRANTS Defendants' Motion to Dismiss Due to Plaintiff's Failure to Prosecute. ECF No. 24. The Clerk of Court is directed to close this case and moot the pending partial motion for summary judgment, ECF No. 30.

DATED this 6th day of January 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge